# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA C. JENKINS, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 3:20-CV-00768-MAB |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This appeal from the Social Security Commission's denial of disability benefits is before the Court *sua sponte* for case management purposes. For the reasons set forth below, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

Plaintiff filed this matter on August 6, 2020 (Doc. 1). On March 11, 2021, the Court entered the social security briefing schedule, detailing that Plaintiff's brief was due by April 12, 2021 (Doc. 22). On April 12, 2021, Plaintiff requested additional time to file her brief, which was granted by the Court on April 13, 2021 (Docs. 24, 25). Plaintiff's opening brief was due by the extended deadline of May 12, 2021, but she never filed her brief. On May 26, 2021, the Court entered an Order extending the deadline *sua sponte* for Plaintiff to file her opening brief in support of her complaint (Doc. 26). The Court gave Plaintiff an additional twelve days up to, and including, June 1, 2021 to file her opening brief. The

Court also warned Plaintiff that her failure to file the brief could result in dismissal of this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) (*Id.*). To date, Plaintiff has not filed her opening brief or offered any explanation to the Court for this delay.

Under the Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). A dismissal under this rule is an adjudication on the merits. *Id.* "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)). Here, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties she faces in doing so. But those difficulties do not excuse her from complying with Court orders.

Under the circumstances presented here, the Court finds that Plaintiff has failed to comply with its orders and failed to prosecute this matter. Consequently, this entire action is **DISMISSED with prejudice** pursuant to Rule 41(b**)***.* FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Plaintiff wishes to contest this Order, she has two options. She can ask the Seventh Circuit to review the order, or she can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, she must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, she should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, she can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, she must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If she is allowed to proceed IFP on appeal, she will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: June 21, 2021**

                                              **s/ Mark A. Beatty**
                                              **MARK A. BEATTY**
                                              **United States Magistrate Judge**